**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0809-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRIS G. ALEVRAS,[1]
a/k/a CHRIS G. ALEVERAS,
and CHRIS ALVARAS,

    Defendant-Appellant.

_____

Submitted October 26, 2021 – Decided February 9, 2022

Before Judges Fisher and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Accusation No. 13-06-0782.

Chris G. Alevras, appellant pro se.

William A. Daniel, Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Assistant Prosecutor, of counsel and on the brief).

---

[1] Chris G. Alevras was improperly identified as Chris G. Aleveras in the criminal accusation and his guilty plea.

PER CURIAM

Defendant Chris G. Alevras appeals the November 2, 2020 order denying his motion for leave to withdraw his guilty plea and his request for oral argument. For the following reasons, we see no merit to defendant's arguments and affirm.

I.

We briefly summarize the relevant facts and procedural history. Defendant represented himself as an attorney in a landlord-tenant dispute. Though he has a law degree, defendant is not, and has never been, admitted to practice law in New Jersey. In April 2012, defendant pled guilty to one count of fourth-degree unauthorized practice of law, a violation of N.J.S.A. 2C:21-22(b)(1). He was sentenced to four years of probation. Defendant appealed based on the trial court's improper use of an en masse instruction. We vacated the plea in April 2013 for that reason and remanded the matter for further proceedings.

On remand, defendant again pled guilty to the unauthorized practice of law, and he was sentenced in August 2013 to two years of probation. Defendant appealed the length of his sentence. We entered a consent order limiting the period of probation to eighteen months. Defendant sought certification of the

consent order to the Supreme Court, however the Court denied certification September 9, 2014.

Just over three years later, in September 2017, defendant filed a pro se petition for post-conviction relief (PCR). In his petition, defendant argued that his 2013 guilty plea should be withdrawn because his allocution did not contain an adequate factual basis. Defendant argued his PCR motion pro se after the PCR court informed him of his right to counsel and found defendant waived it. Defendant asserted that the conduct he had been charged with was merely mediation, not the practice law. Referencing Rule 3:21-1, defendant asked the court to "withdraw[] . . . the plea and grant[] . . . the PCR motion."

The PCR court denied defendant's petition finding a sufficient factual basis for his plea at allocution. The court found that "[defendant] did more than act as a mediator. He held himself out as the attorney for the landlord, and [he] resolved a dispute between the landlord and a tenant." The court concluded that defendant's action constituted the practice of law. Further, because defendant argued to withdraw his guilty plea within the PCR petition, the court performed a Slater[2] analysis and found each weighed against withdrawal of the plea.

_____

[2] State v. Slater, 198 N.J. 145 (2009).

A-0809-20

In August 2020, nearly three years after his PCR filing, defendant filed a separate motion to withdraw his guilty plea. He once more argued that his factual basis was insufficient. In a written opinion, the motion court found defendant's "most recent motion for leave to withdraw his guilty plea offer[ed] nothing that ha[d] not been addressed already by th[e] court in its [PCR] decision . . . ." The motion court found "no potential for a finding of manifest injustice under the argument presented and the circumstances here." The motion court further found defendant's latest application issue raised did "not warrant . . . an [additional] expenditure of judicial and prosecutorial resources . . ." because it was "not complex, ha[d] been succinctly addressed by the movant, and ha[d] been previously ruled upon by th[e] court after allowing briefing and oral argument."

On appeal from the court's denial of defendant's 2020 motion to withdraw, he argues:

POINT I

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING WITHOUT EXPLANATION THE REQUESTED ORAL ARGUMENT AND SHOULD HAVE APPOINTED COUNSEL [NOT RAISED BELOW]

POINT TWO

4

THE TRIAL COURT COMMITTED PLAIN ERROR IN HOLDING THAT THE BASIS SUBMITTED FOR WITHDRAWAL OF THE GUILTY PLEA HAD BEEN PREVIOUSLY RAISED BY AND DECIDED AGAINST THE DEFENDANT IN 2017 [NOT RAISED BELOW]

POINT THREE

IT WAS A MANIFEST INJUSTICE FOR THE TRIAL COURT TO DENY THE MOTION TO WITHDRAW THE GUILTY PLEA [RAISED BELOW]

II.

Although we may consider allegations of errors or omissions not brought to the court's attention if it meets the plain error standard under Rule 2:10-2, we frequently decline to consider issues that were not raised below or not properly presented on appeal. State v. Walker, 385 N.J. Super. 388, 410 (App. Div. 2006). Generally, unless an issue goes to the jurisdiction of the trial court or concerns matters of substantial public interest, we will ordinarily not consider it. Ibid. See, e.g., State v. Jones, 232 N.J. 308, 321 (2018).

Based on this standard, we need not consider defendant's newly raised arguments in points one and two. However, for completeness, we briefly address defendant's first two points in conjunction with point three to the extent necessary to bring some form of closure to this matter.

5

"The standard of review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo." State v. Tate, 220 N.J. 393, 403-04 (2015) (citation omitted). "An appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." Id. at 404.

III.

Under Rule 3:21-1, a "motion to withdraw a plea of guilty . . . shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice." The trial court considered this standard in its decision and concluded that there was "no potential for a finding of manifest injustice under the argument presented and the circumstances here." We agree.

The transcript of defendant's June 20, 2013 plea allocution, in which he admitted under oath that he acted as an attorney in the landlord dispute, reveals ample factual basis for defendant's guilty plea. Based on this record, we are not persuaded by defendant's argument that his guilty plea was ineffective.

The court did not commit plain error in finding defendant's arguments previously adjudicated, and there is no manifest injustice whatsoever to correct here. On the record before us, we find any remaining arguments defendant has

made on appeal without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0809-20